JAMES W. SHULER, Respondent, v. OMAHA, KANSAS CITY & EASTERN RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, March 4, 1901.

1. **Trial Practice: PLEADINGS: MOTIONS: ANSWERING OVER.** By answering over, the defendant waives his objections to the overruling of his motions to elect on which count the plaintiff will proceed to trial and to strike out certain counts and to make more definite and certain.

2. **Negligence: PLEADINGS: TRAIN COLLISION.** A petition alleging that plaintiff was injured by reason of a train collision which

was the result of negligence is sufficient, as negligence may be charged in general terms without specifying in what it consisted.

3. ———: TRAIN COLLISION. When an accident proceeds from an act of such a character that, when due care is taken in its performance no injury ordinarily ensues, it is presumed to be negligent, and this rule is applicable to train collisions.

4. ———: ———: CULPABLE OFFICER: EMPLOYEE. Ordinarily, the mere fact that an employee is injured in a collision will not make the master liable, unless the culpable agent is disclosed, since an employee can not recover for the negligence of a co-employee.

5. ———: ———: ———: ———: MISSOURI RULE. But in Missouri, the rule is different, and when it appears that the servant was injured in a train collision a prima facie case is made against the master. For, in this State, the master is liable for the negligence of a fellow servant.

Appeal from Carroll· Circuit Court.—*Hon. W. W. Rucker,* Judge.·

AFFIRMED.

*Hall & Hall* and *J. G. Trimble* for appellant.

(1) Plaintiff's amended petition contained separate inconsistent counts or causes of action and the circuit court erred in overruling defendant's motion to compel plaintiff to elect upon which count he would proceed to trial. Roberts v. Railroad, 43 Mo. App. 287, 289; Soap Works v. Sayers, 51 Mo. App. 310, 314; Seiter v. Bischoff, 63 Mo. App. 157, 158; Deering & Co. v. Collins, 38 Mo. App. 80, 86; Clements v. Yeates, 69 Mo. 623, 625; Nelson v. Brodhack, 44 Mo. 596, 599; Ledbetter v. Ledbetter, 88 Mo. 60, 62; Cohn v. Lehman, 93 Mo. 574, 583. (2) The circuit court erred in overruling defendant's motion to strike out said counts. Lumpkin v. Collier, 69 Mo. 170; Stephens v. Railroad, 86 Mo. 221; Parker v. Rodes, 79 Mo. 88; Fields v. Maloney, 78 Mo. 172; Scovill v.

Glasner, 79 Mo. 449, 452; Heman v. Glann, 129 Mo. 325, 334. (3) The court erred in overruling defendant's motion to require plaintiff to make the several counts in the amended petition more definite and certain. Murdock v. Brown, 16 Mo. App. 549; Wills v. Railroad, 44 Mo. App. 51, 53; Benham v. Taylor, 66 Mo. App. 308, 311; Waldhier v. Railroad, 71 Mo. 514; Current v. Railroad, 86 Mo. 62; Gurley v. Railroad, 93 Mo. 445. (4) The petition does not state the negligent acts complained of nor whose acts they were, which should be done with a reasonable degree of certainty in order that the defendant may know what charge he is called upon to meet. The petition is therefore fatally defective and the demurrer to the evidence should have been sustained. Wills v. Railroad, 44 Mo. App. 51; Gurley v. Railroad, 93 Mo. 445, 450; Waldhier v. Railroad, 71 Mo. 514; Sullivan v. Railroad, 97 Mo. 113; Benham v. Taylor, 66 Mo. App. 308; Palmer v. Railroad, 76 Mo. 217, 219; Harrison v. Railroad, 74 Mo. 364, 369; Edens v. Railroad, 72 Mo. 212; Troth v. Norcross, 111 Mo. 630; Jacquin v. Cable Co., 57 Mo. App. 320, 331, 340; Pier v. Heinrichoffen, 52 Mo. 333; Moss v. Railroad, 49 Mo. 167; Mack v. Railroad, 77 Mo. 232; Chubbuck v. Railroad, 77 Mo. 591; Crane v. Railroad, 87 Mo. 588, 595; Current v. Railroad, 86 Mo. 62. (5) It can not be inferred that defendant was guilty of some negligent act because the trains collided, but such act must be alleged and proved in order to render defendant liable. There was no such allegation and proof in this case and the demurrer should have been sustained. Scott v. Robards, 67 Mo. 289, 292; Fuchs v. St. Louis, 133 Mo. 168, 198, 199.

*Harber & Knight* for respondent.

(1) The motion to strike out the second and third counts of plaintiff's petition, as well as other objections thereto, by

preliminary motions, was waived by answering to the first amended petition. Sanguinett v. Webster, 54 S. W. Rep. 563, 570; Holt Co. v. Cannon, 114 Mo. 514; Sauter v. Leveridge, 103 Mo. 615; Scovill v. Glasner, 79 Mo. 449; Fuggle v. Hobbs, 42 Mo. 537; Leise v. Meyer, 143 Mo. 547; Cofer v. Riseling, 153 Mo. 633; Paddock v. Somes, 102 Mo. 226; Bender v. Zimmerman, 80 Mo. App. 138; School Dist. v. Wallace, 75 Mo. App. 317. (2) The petition must be held good under the rulings in the following cases: Sullivan v. Railroad, 97 Mo. 113; LeMay v. Railroad, 105 Mo. 361; Schneider v. Railroad, 75 Mo. 295; Fisher v. Lead Co., 56 S. W. Rep. 1107. (3) "A collision always presumptively shows negligence." Railroad v. Salmon, 11 Kan. 72, 78; Railway Accident Law, sec. 375, and authorities; Railroad v. Mowry, 36 Ohio St. 418; 3 Am. and Eng. R. R. case 361; Railroad v. Allbritton, 38 Miss. 242. (4) But since the fellow servant Act of 1897 makes the company equally as liable, whether the negligence be that of the company or of a fellow servant, it follows that when a collision is shown between two trains operated by the same company, and an injury occurs to an employee, who has nothing to do with the operation of such trains, that a case is made out against the company, if the plaintiff was without fault. Authorities above cited. It would not have been error in this case for the court to have instructed the jury as a matter of law, that defendant was negligent. Kinney Admx. v. City of Springfield, 35 Mo. App. 97, 110; Tabler v. Railroad, 93 Mo. 79; Boland v. City of Kansas, 32 Mo. App. 8; Nagel v. Railroad, 75 Mo. 653; Wyatt v. Railroad, 55 Mo. 485; Norton v. Ittner, 56 Mo. 352; Mauer v. Seimeris, 71 Mo. 105; Huhn v. Railroad, 92 Mo. 440; Keim v. Railroad, 90 Mo. 314.

ELLISON, J.—This plaintiff was an employee of defendant and was engaged with others in taking out old rails and

putting in new ones on defendant's line of railway. In performance of this service it was necessary for plaintiff, with others, to ride over defendant's road on one of its work or construction trains. That while being transported over the road the train upon which he rode came into collision with another train upon the same track, whereby he received bodily injury, for which he instituted the present action and recovered two thousand dollars.

Plaintiff's amended petition contained several counts and defendant moved, first, to require plaintiff to elect upon which he would proceed to trial. Next, defendant moved that the second and third counts be stricken out. And then it moved that plaintiff be required to make the petition more definite and certain. These several motions were overruled and defendant thereupon filed its answer to the merits and the cause was tried, resulting in plaintiff's favor as aforesaid. It is of no importance to consider whether all or either of defendant's motions were well grounded, since by answering to the merits they were waived. Paddock v. Somes, 102 Mo. 226; Sanguinett v. Webster, 153 Mo. 343; Holt Co. v. Cannon, 114 Mo. 514; Sauter v. Leveridge, 103 Mo. 615; Scovill v. Glasner, 79 Mo. 449.

It is said by defendant that the trial court should have sustained its demurrer to the evidence on the ground of defects in the petition in failing to allege any negligent acts against defendant. The allegation of negligence is that the train on which plaintiff was riding "by the carelessness, negligence and wrongful acts and conduct of defendant, its agents, servants and employees, was, without fault, negligence or want of care on plaintiff's part struck by another train and engine on defendant's road and the two trains were then and there, and thereby without fault or negligence on the part of plaintiff, but by reason of the carelessness, negligence and want of proper

care on the part of defendant, its agents, servants and employees, collided," and that plaintiff by reason of said collision was permanently injured in the face, breast and legs. The thing resulting or caused by the negligence is alleged, viz.: the collision of two trains. The collision was the result of carelessness and negligence and these may be charged in general terms, without specifying in what the negligence consisted. Sullivan v. Railway Co., 97 Mo. 113; LeMay v. Railroad Co., 105 Mo. 361.

The most serious objection to the trial in the circuit court arises from the plaintiff's second instruction. The effect of that instruction is to inform the jury that the mere fact of collision between the two trains was negligence on defendant's part unless explained or properly excused by it. The rule is that when an accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar cases, it will be presumed to be negligent. Patterson Ry. Acc. Law, sec. 375; Transportation Co. v. Downer, 11 Wallace, 129. This rule applies to a collision between railway trains. Railway Co. v. Mowery, 36 Ohio St. 418; Railroad v. Allbritton, 38 Miss. 242.

But since the collision may have resulted from the act of some chief officer of the railway company—the company itself—or from the act of one of the ordinary servants of the company, mere proof of the collision will not disclose which of these was culpable. And since the company would not be liable to one of its servants (as it would to a passenger) for the act of his fellow servant, the mere proof of a collision will not be considered proof of actionable negligence in a suit brought against the company by an employee. Railroad v. Salmon, 11 Kansas, 83.

But in this State the Legislature has adopted the policy of

allowing an employee an action against the railway company for the negligence of his fellow servant. Sec. 2873, R. S. 1899; Stubbs v. Railroad, 85 Mo. App. 192. It must therefore follow that since the company is liable to a servant whether, the negligence is its own or that of a fellow servant, proof of collision of trains makes a prima facie case for an employee against the company equally as well as if he had been a passenger.

The first instruction for plaintiff embodied the correct rule for the measure of damage and is not subject to the criticism made.

The testimony objected to as to passes to plaintiff or witnesses seems to have been thought necessary in answer or explanation of what defendant asked plaintiff on cross-examination. We have examined the record in this respect and find little excuse for either side going into the question, but that at all events it was a harmless episode.

We have not discovered anything to justify our interference with the judgment, and it is accordingly affirmed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.