BERT LANDERS, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1905.

1. **PLEADING: Amendment: Surprise.** A pleading may be amended at the close of all the evidence, and where the same is justified by the testimony and no affidavit of surprise is filed the amendment is not error.

2. **TRIAL PRACTICE: Pleading: Different Counts: Election: Repugnancy.** A plaintiff may plead a single cause of action in as many different counts as he choose to meet every possible state of the proofs, and this will not make his counts repugnant.

3. **APPELLATE PRACTICE: Pleading: Different Counts.** Where the trial court compels a plaintiff to elect between the counts in his petition if such action was error, the appellate court may restore the stricken count; but where the plaintiff elects of his own motion, the appellate court will not restore the. abandoned count to the petition.

4. **NEGLIGENCE: Trial Practice: Different Counts: Issues: Evidence: Instructions.** On the review of the evidence relating to the derailment of a handcar, it is held that the derailment was caused by the falling of an iron bar from the car, and an instruction referring to the allegations of an abandoned count was error, since it was broader than the evidence and the allegations of the counts submitted to the jury.

Appeal from Grundy Circuit Court.—*Hon. Paris C. Stepp*, Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1)   The court erred in permitting the plaintiff to amend the second count of his petition on its face, by adding after the word "aforesaid," the following words: "and by reason of the unsafe condition of said car, the jolting and wabbling thereof." Without this amendment the only cause of action alleged was that the lining bar, by reason of the unsafe, dangerous and negligent manner in which the same was loaded and carried, jostled and fell from and in front of the car and caused the derailment.   This amendment was a material and entire change of action and was made after the witnesses were discharged and both sides had rested and the defendant was deprived of an opportunity to meet this new issue. Ross v. Mineral Land Co., 162 Mo. 317; Burnham, Hanna, Munger & Co. v. Tillery & Co., 85 Mo. App. 457; Pruett v. Warren, 71 Mo. App. 84.   (2)   The court erred in refusing to give defendant's instructions in the nature of demurrers to the evidence and at the close of the plaintiff's evidence and at the close of all the evidence and in refusing to give defendant's instruction 1.   The condition of the handcar was open and obvious and the danger in using it was as well known to the plaintiff as to the defendant for he had worked on the car for months. Plaintiff therefore assumed the risk and is not entitled to recover.   Watson v. Coal Co., 52 Mo. App. 366; Berning v. Medart, 56 Mo. App. 443, 450; Fugler v. Bothe, 117 Mo. 475, 500; Marshall v. Hay Press Co., 96 Mo. App. 256; Nugent v. Milling Co., 131 Mo. 241; Epperson v. Cable Co., 155 Mo. 346; Mathias v. Stockyards Co., 84 S. W. 66; Morelock v. Railway, 87 S. W. 5; Lee v. Railway, 87 S. W. 12; Pryor v. Railway, 85 Mo. App. 367; Groll v. Tover, 85 Mo. 249; Bartley v. Railway, 148 Mo. 124.   (3)   No inference of negligence can arise from evidence which shows that the tools were carried in the usual and ordinary way.   Bohn v. Railway, 106 Mo. 429.   (4)   The court erred in overruling defendant's

motion at the close of plaintiff's evidence requiring him
to elect. This error was not cured by his election made
at the close of all the evidence, especially in view of the
instructions given on his behalf. The plaintiff must be
restricted to the specific acts of negligence alleged in the
second count of the petition, that is as to the manner
the bar was loaded and carried and that the unsafe con-
dition of the car caused jolting and wabbling thereof, by
reason of which the bar was jolted from the car causing
the derailment and injury. White v. Chaney, 20 Mo.
App. 389; Dunn v. Railway, 21 Mo. App. 188; Zwisler
v. Storts, 30 Mo. App. 163; Wilburn v. Railway, 36 Mo.
App. 203; Jacquin v. Cable Co., 57 Mo. App. 320; Pryor
v. Railway, 85 Mo. App. 367; Mitchell v. Railroad, 108
Mo. App. 142; Lester v. Railroad, 60 Mo. 265; Buffiing-
ton v. Railroad, 64 Mo. 246; Waldhier v. Railroad, 71
Mo. 514; Schneider v. Railroad, 75 Mo. 295; Ely v. Rail-
road, 77 Mo. 34; Benson v. Railroad, 78 Mo. 504; Hartz
v. Railroad, 95 Mo. 368; Haynes v. Trenton, 108 Mo. 123;
Hite v. Railway, 130 Mo. 132; McNamanee v. Railway,
135 Mo. 440; Bartley v. Railway, 148 Mo. 124; Holwer-
son v. Railway, 157 Mo. 216; Wolfe v. Supreme Lodge,
160 Mo. 675; Colliott v. Mfg. Co., 71 Mo. App. 163; Gib-
son v. Freygang, 87 S. W. 3.

*Harber & Knight* for respondent.

(1) The amendment to plaintiff's petition at the
close of the testimony was perfectly proper. The courts
now say that section 567, Revised Statutes 1899, should
be liberally construed, to the end that justice may not
be hindered or thwarted by a mere technicality. Gold-
smith v. Bld. Co., 182 Mo. 1. c. 610; Whitehill & Son v.
Keen, 79 Mo. App. 129; Green v. Sup. Lodge Nat. Re-
serve Ass'n, 79 Mo. App. 182; Dorsey v. Railroad, 83 Mo.
App. 539; Brick Works v. Flanagan Bros., 87 Mo. App.
345; Baltis v. Friend, 90 Mo. App. 410; Stewart & Jack-

114 app—42

son v. Van Horne, 91 Mo. App. 657; Bank v. Noel, 94 Mo. App. 501; 104 App. 340; Jordan v. Railroad, 105 Mo. App. 454; Carter v. Baldwon, 107 Mo. App. 228. (2) Beside, there was no motion to strike out the petition as amended, no affidavit of surprise, no request for continuance. The rule is that even where an amended petition changes the cause of action, unless motion is made to strike out such petition, and upon adverse ruling the party stands upon his motion, he waives his right to object to such amended petition. Grymes v. Lumber Co., 85 S. W. 846; Thompson v. Railroad, 86 Mo. App. 141; Simms v. Railroad, 89 Mo. App. 197; Weldon v. Railroad, 93 Mo. App. 668; Fuchs v. St. Louis, 176 Mo. 620; has no application to the facts of this case. (3) As to the eighth contention of appellant no authority has been cited to sustain this contention. And, indeed, appellant's counsel have had the opportunity to know that it would not have been necessary for plaintiff to have elected at any stage of the case upon which count he would proceed. Shuler v. Railroad, 87 Mo. App. 618; Rinard v. Railroad, 164 Mo. 270. (4) The point is here made on plaintiff's third instruction, that it is broader than the allegations of the second count of the petition, in that this count only alleges as the sole cause of the derailment, the falling of the lining bar in front of the car, whereas in addition to this the instruction authorizes a recovery if by reason of the defective condition of the car, it left the track; if plaintiff had let his first count stand, then all the causes of the derailment included in this instruction would be covered by the petition and this would have been perfectly proper. Rinard v. Railroad, 164 Mo. 270; Shuler v. Railway, 87 Mo. App. 618. (5) So it will be seen that by the proposed amendment we only add the allegation that the defective condition of the car (which is described) caused the car to leave the track. The cause of action is grounded in the first count as well as in the second, on the main fact that the car left the track and injured plaintiff. Plain-

tiff could allege as many causes of its doing so as the evidence warranted. The omission of one cause was a "formal defect, and if objection had been made on account of it, either before or during the trial, it could have been cured by a proper amendment." Lamb v. Railroad, 33 Mo. App. 1. c. 493; Bliss Code Plead. (2 Ed.), sec. 440; R. S. 1899, sec. 660; McClannahan v. Smith, 76 Mo. 478; Sims v. Railroad, 83 Mo. App. 1. c. 250; Hat Co. v. Hombs, 127 Mo. 1. c. 400; Daily v. Houston, 58 Mo. 361.

BROADDUS, P. J.—While plaintiff and other employees of defendant engaged in repairing its tracks were riding on one of its said tracks in a handcar near Coffeysburg in Daviess county, at the rate of from five to eight miles per hour, said handcar became derailed and plaintiff received severe injuries. The plaintiff's case was set out in two counts in his petition. The first count in substance alleges negligence on the part of defendant in furnishing for plaintiff's use an old, worn, dilapidated, and out of repair handcar, wholly unsuitable and unfit for the purposes for which it was provided, and by reason thereof the same became derailed, causing plaintiff's injuries.

The second count alleges that by reason of the defective condition of said car, its unnecessary shaking and wabbling, one of certain lining bars carried upon said car was shaken therefrom, the end thereof catching under the end of a tie, the other striking the wheel on the other end of the car, thus derailing the same. That said lining bars and other tools were negligently and carelessly placed upon said car, and that the carrying of said lining bars in the loose and unfastened manner was the cause of one of them falling in front of said car, thereby causing its derailment, which resulted in injuring plaintiff.

At the close of plaintiff's evidence, the defendant moved the court to compel plaintiff to elect on which count he would proceed. The plaintiff insisted that he

was not compelled to so elect. And the court said: "Motion overruled at this time."

At the close of all the evidence plaintiff was permitted to amend the second count of his petition by inserting the word "aforesaid," which had been omitted, and inserting the following: "And by reason of the unsafe condition of said handcar, the jostling and wabbling thereof." Defendant objected to said amendment and insists that it was error to permit the same at that stage of the proceedings. But as there was no affidavit of surprise as required by the statute, and as the evidence justified the amendment, we do not think the court committed any error in that respect.

The plaintiff then on his own motion elected to stand on the second count of his petition.

We gather from the record that it was the opinion of the court and both parties to the suit that plaintiff was required, under the law, to make an election between the two counts of his petition. However, that was a mistake, as the allegations of the first count are entirely consistent with those of the second. "A plaintiff may plead a single cause of action in as many different counts as he chooses, to meet any possible state of the proofs, and this will not make his counts repugnant." [Rinard v. Railroad, 164 Mo. 270; Shuler v. Railroad, 87 Mo. App. 618.]

The plaintiff's third instruction related not only to the second count of his petition, but also to the allegations in the dismissed count. Plaintiff claims that when he dismissed his first count he was acting under the impression that the allegations therein were also contained in the second count. And this we take to be true as it is not reasonable to suppose that plaintiff would invite reversible error. He therefore asks leave to amend his petition so as to restore the allegations of the first count, and for an affirmance of the cause. Had plaintiff been compelled to elect as between his two counts, the court would have the power to restore the

one abandoned, as it is our province to correct errors of the trial court. But we are not asked to correct an error of the court but, on the contrary, to relieve the plaintiff from the consequences of his own mistake. Such a course would be setting a dangerous precedent. It would tend to breed looseness, confusion, and uncertainty in practice. However, the court need not reverse the case unless the error materially affected the merits.

The preponderance of the evidence was to the effect that the handcar was in a bad condition. One witness testified that the wheels were loose, and that they had too much play back and forth and sideways. Another said it was in bad condition; that the boxing was loose, had a good inch play; and some of the taps were gone, and that some of the cogs were worn and that some were loose. Some of the witnesses testified that the car was bad in every way except as to the platform, and that its condition caused it to wabble while running. Defendant's evidence was to the effect that the handcar was in a reasonably safe condition. At the time in question, the handcar had been loaded with the tools of the working men, among which was a line bar, which was a heavy bar of iron, four feet and six inches long. The tools and the bar were placed lengthwise on the platform with the handle or light end of the bar forward. One end of the bar was much heavier than the other. There had been a rain and the top of the platform of the handcar was wet. While the car was going down grade, it left the rails and threw the workmen, including plaintiff, to the ground. It was shown that just at or just prior to the derailing of the car, the line bar went off in front. The small end was found imbedded in the earth under a tie, and there was a fresh indentation on one of the front wheels indicating that the heavy end of the bar had struck that wheel. The bar was bent into the shape of an angle. The inference is almost conclusive that the bar falling in front of the car was the cause of its derailment.

It is contended by the appellant that the inference is also conclusive that the bar was not jostled off the car by reason of its wabbling movement, but because it was shoved off by the foot of some of the workmen; and one of the witnesses testified that he thought it occurred in that manner. In other words, that, in order for the small end of the bar four feet and a half long to have struck the earth that distance ahead of the moving car, it would have been necessary for it to have been projected with great force, such as it could not have had, if it had been merely shaken off. There is no evidence that any one on the car shoved the bar off with his foot. It was shown that the bars at times do slide off the platform while a handcar is going down grade, and that it required attention to prevent them from so sliding. The foreman of the workmen testified that the bar shot quickly by him when it went off. That may be true and still the impetus of its movement may have been caused by the shaking and jostling of the car. It might have moved slowly or rapidly; its speed would be measured by the extent of the force that set it in motion, and the friction it would have to overcome upon the surface of the platform. If the surface was dry and rough, the speed would be less, if smooth, greater. The density of the iron and the character of its surface would also have to be considered. We are not satisfied with the conclusiveness of defendant's inference.

As the evidence does not indicate that the car would have left the track in any manner other than that caused by the falling of the bar, notwithstanding its unsafe condition, we are of the opinion that the instruction not only went outside of the issues raised on the second count, but also outside of the evidence. It, therefore, was material error affecting the merits of the case. All other questions as to the admission of evidence and other matters raised by defendant are held to be unimportant and without merit. Cause reversed and remanded. All concur.