BERT LANDERS, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. PLEADING: Different Counts. A party has the right to state his cause of action in different consistent counts.

2. EVIDENCE: Opinion: Usurping Jury's Function. For a witness to state his opinion as a fact that the matter alleged in plaintiff's petition for personal injury caused the accident is substantial error—an usurpation of the province of the jury.

3. MASTER AND SERVANT: Latter's Tortious Act: Former's Liability: Petition. A master may be liable for the tortious act of his servant committed in the course of the latter's employment; and a petition is held to allege that the servant's act was in the province of his duty in operating the handcar.

Landers v. Railroad.

4. **EVIDENCE: Physician: Privilege.** The court after ruling the testimony of a physician incompetent as to matters he learned while attending the patient, announced that he could be examined as to other matters. *Held*, not error.

5. ————: **Handcar: Repairs.** The admission of evidence of repairs of a handcar before and after the accident is held error.

6. ————: **Hearsay: Notice: Foreman: Roadmaster.** The testimony of a witness in regard to what a foreman told him in relation to a conversation between the foreman and a roadmaster concerning a handcar is incompetent; but the conversation between such parties is pertinent to show notice of defects prior to the injury.

7. ————: **Cross-Examination: Remarks of Court: General Reputation.** Defendant introduced a witness who was extensively cross-examined with a purpose of weakening his testimony. In answer to an objection raised by the defendant the court said: "The witness has shown he needs a careful cross-examination." The defendant thereupon excepted. The Court replied: "You can except all you want to; I am not caring about your appeals." The defendant subsequently tendered evidence to show the reputation of the witness for truth and veracity which was refused. *Held*, error and that the language of the court alone would justify a reversal.

8. **TRIAL PRACTICE: Evidence: Instructions.** *Held*, objections as to the number of. instructions is without merit and that there was evidence sufficient to send the case to the jury.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) The trial court erred in overruling appellant's motions requiring plaintiff to elect and to strike out. Mooney v. Kenneth, 19 Mo. 553; Otis v. Bank, 35 Mo. 131; Southworth Co. v. Lamb, 82 Mo. 248; State ex rel. v. Siegenhein, 103 Mo. 569; Christal v. Craig, 80 Mo. 367, 370; Kendrick v. Railroad, 81 Mo. 521; Childs v. Railroad, 117 Mo. 437; McHugh v. Transit Co., 190 Mo. 94; Kern v. Pfaff, 44 Mo. App. 32; Kabrich v. Insurance Co.,

48 Mo. App. 397; Harris v. Railroad, 51 Mo. App. 128; Commission Co. v. Davis, McDonald & Davis, 115 Mo. App. 67; Seidlmon v. Malasky, 118 Mo. App. 123; Ennis v. Padgett, 122 Mo. App. 544; Spaulding v. Railroad, 129 Mo. App. 607. (2) This cause of action is evidently based on section 2873 of the Revised Statutes of Missouri of 1899, which does not authorize a recovery under the petition. Walker v. Railroad, 121 Mo. 584; McKeon v. Railroad, 42 Mo. 88; Snyder v. Railroad, 60 Mo. 413; Cousins v. Railroad, 66 Mo. 576; Jackson v. Railroad, 87 Mo. 430; Sherman v. Railroad, 72 Mo. 65; Stringer v. Railroad, 96 Mo. 302; Farber v. Railroad, 116 Mo. 94, 32 Mo. App. 378; Haehl v. Railroad, 119 Mo. 339; Jones v. Packet Co., 43 Mo. App. 410; Hartman v. Muehlbach, 64 Mo. App. 565; Meade v. Railroad, 68 Mo. App. 97; Overton v. Railroad, 111 Mo. App. 613; Briscoe v. Railroad, 109 S. W. 95; Garretzen v. Duenckel, 50 Mo. 111; 20 Am. and Eng. Ency. of Law (2 Ed.), 168. The statute is in derogation of the common law and must be strictly construed. Strottman v. Railroad (Mo.), 109 S. W. 777. (3) The petition fails to state a cause of action against defendant for the alleged negligent act of a fellow-servant for it does not state that such act was done while in the performance of a duty of the servant to defendant and the motion in arrest of judgment should have been sustained for this reason. Briscoe v. Railroad (Mo. App.), 109 S. W. 95. (4) The court erred in sustaining plaintiff's objection to the competency of defendant's witnesses Dr. Foster and Dr. Birch, and in excluding their evidence. R. S. 1899, sec. 4659; Linz v. Insurance Co., 8 Mo. App. 363; Bowles v. Kansas City, 51 Mo. App. 421; Weitz v. Railroad, 53 Mo. App. 43; James v. Kansas City, 85 Mo. App. 20; State v. Faulkner, 175 Mo. 546; Hamilton v. Crowe, 175 Mo. 634. (5) The court erred in admitting evidence of the condition of the handcar and repairs made on it before and after the accident. Hipsley v. Railroad, 88 Mo. 354 and cases cited; Ely v. Railroad, 77 Mo. 34; Mahaney v. Railroad, 108 Mo.

200; Alcorn v. Railroad, 108 Mo. 90; Brennan v. St. Louis, 92 Mo. 482; Stalzer v. Packing Co., 84 Mo. App. 574; Colyer v. Railroad, 93 Mo. App. 147. The court erred in admitting the testimony of plaintiff's witness, Cleavenger, as to what the foreman, McCoy, told him about the conversation he had with roadmaster, Phillips, and the testimony of Harrington, as to a conversation between foreman McCoy and roadmaster Phillips, because they were hearsay and not binding upon defendant. The declarations of an agent unless made at the time of doing some act in the scope of his agency and forming a part of the transaction itself, are incompetent. McDermott v. Railroad, 87 Mo. 285; Devlin v. Railroad, 87 Mo. 549; Senn v. Railroad, 108 Mo. 149; Fisher v. Lead Co., 156 Mo. 495; Lee v. Railroad, 112 Mo. App. 372; Wojtylak v. Coal Co., 188 Mo. 285. (6) It was error to permit the witness, McCoy, to state what he thought caused the bar to leave the car for it was merely a guess and a conclusion and not a statement of a fact. This was a direct invasion of the province of the jury and was wholly incompetent. Roscoe v. Railroad, 101 S. W. (Mo.) 32, 37; Taylor v. Railroad, 185 Mo. 255; Gutridge v. Railroad, 94 Mo. 472; Glasgow v. Railroad, 191 Mo. 347; Muff v. Railroad, 22 Mo. App. 584; Walton v. Railroad, 40 Mo. App. 550; Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Benjamin v. Railroad, 50 Mo. App. 609; Madden v. Railroad, 50 Mo. App. 673; Krueger v. Railroad, 84 Mo. App. 358; Koons v. Railroad, 65 Mo. 597; King v. Railroad, 98 Mo. 235; Masterson v. Transit Co., 204 Mo. 522. (7) The court erred in refusing to permit defendant to prove the good reputation of Thos. Ipson for truth for the plaintiff's attorney by his cross examination and the court by its remarks made a direct attack on the witness and it was competent for defendant under such circumstances to sustain the witness. Miller v. Railroad, 5 Mo. App. 481; Walker v. Insurance Co., 62 Mo. App. 220; Berryman v. Cox, 73 Mo. App. 73; Browning v. Railroad, 118 Mo. App. 449. The court

also erred in refusing to permit defendant to prove the good reputation of John B. Feurt. (8) The remarks of the court, were highly prejudicial and constitute reversible error. They amounted to a declaration by the court that he considered the witness Ipson unworthy of belief, and were wholly unwarranted and a gross interference by the court with the rights and province of the jury. Wright v. Richmond, 21 Mo. App. 81; McGinnis v. Railroad, 21 Mo. App. 413; State v. Turner, 125 Mo. App. 21; Dreyfus v. Railroad, 124 Mo. App. 594; Rose v. Kansas City, 125 Mo. App. 235; Schmidt v. Railroad, 149 Mo. 269; State ex rel. v. Rubber Mfg. Co., 149 Mo. 192; State v. Breeden, 58 Mo. 507. The jury and not the court must pass upon the credibility of witnesses. State v. Meagher, 49 Mo. App. 589; State v. Stout, 31 Mo. 406; State v. Cushing, 29 Mo. 217; Padgitt v. Moll, 159 Mo. 155; Hipsley v. Railroad, 88 Mo. 353; Gregory v. Chambers, 78 Mo. 298.

*A. G. Knight, E. M. Harber* and *E. R. Sheetz* for respondent.

(1) The petition simply states the facts from which arises plaintiff's right of action. To meet possible conditions of the proof plaintiff could plead in his various counts several grounds of negligence; true there is only one *right of action* and for which there could be only *one satisfaction*. Landers v. Railroad, 114 Mo. App. 660; White v. Railroad, 202 Mo. 560; Haley v. Railroad, 197 Mo. 15; Rinard v. Railroad, 164 Mo. 270; Heas v. Gansz, 90 Mo. App. 439; Brownell v. Railroad, 47 Mo. 239; Brinkman v. Hunter, 73 Mo. 172; Griffeth v. Railroad, 98 Mo. 168; O'Neil v. Seed & Plant Co., 58 Mo. App. 628; O'Neill v. Blase, 94 Mo. App. 648. Where there is a general allegation of negligence in the petition followed by an enumeration of specific acts, a proof of any one of the specific acts is sufficient. Gayle v. Missouri Car and F. Co., 177 Mo. 427. (2) Regardless of the form of plaintiff's objection to Drs. Foster and Birch as wit-

nesses, they were disqualified under the statute. The presumption is that such information acquired by the physician was necessary in order to prescribe for the patient. State v. Kennedy, 177 Mo. 98; Streeter v. Breckenridge, 23 Mo. App. 244; Kling v. Kansas City, 27 Mo. App. 231; Smart v. Kansas City, 81 Mo. App. 586; Norton v. Moberly, 18 Mo. App. 457. The master is liable whether the lining bar was kicked or shoved from the car by a fellow servant, or rolled from the car on account of its wobbling, unsteady motion. Goransson v. Riter-Conley Man. Co., 186 Mo. 309. (4) The defense of assumption of risk and contributory negligence are affirmative in nature and must be specially pleaded which defendant omitted to do. However, in this case if these questions were to be considered at all, they were for the jury. Mack v. Railroad, 123 Mo. App. 531; Singer v. Railroad, 119 Mo. App. 112; Dingby v. Stockyards Co., 118 Mo. App. 506; Stanley v. Railroad, 112 Mo. App. 601; Rice v. Railroad, 92 Mo. App. 35; Minrhead v. Railroad, 19 Mo. App. 634.

BROADDUS, P. J.—This is a suit for damages for an injury to plaintiff alleged to have been the result of defendant's negligence. While plaintiff and other employees of defendant engaged in repairing its tracks were riding on one of the tracks in a handcar near Coffeysburg in Daviess county, at the rate of speed of from five to eight miles an hour, the handcar became derailed and plaintiff received severe injuries.

This case was once before this court and reversed for the reason that the court submitted to the jury an issue raised on a count in his petition which the plaintiff had dismissed. The case is reported in 114 Mo. App. 655. The plaintiff before the second trial amended his petition by stating his cause of action in four different counts. The defendant moved to require him to elect on which he would proceed to trial, which motion the court overruled. There was no error in this action of

the court, as a party has the right to state his cause of action in different consistent counts. [Rinard v. Railroad, 164 Mo. 270; Shuler v. Railroad, 87 Mo. App. 618.]

The amended petition contained three counts substantially as follows: First, that plaintiff was furnished an old, dilapidated handcar which was out of repair and unsafe, and that on account of its condition it became derailed, whereby plaintiff was injured. Second, that a certain iron bar carried upon the car was so negligently placed thereon and unsecured, and that by reason of the way it was loaded and carried and by reason of the failure of the foreman to perform his duties to plaintiff to prevent the escape of said bar from the car, it jostled and fell from the car, one end of which caught a tie or rail and the other striking the car, thus derailing it and injuring plaintiff. Third, that some one or more of defendant's employees while engaged in the work of operating the defendant's railroad in propelling said handcar negligently struck, kicked or pushed said bar off of and in front of said car, one end thereof catching under a tie or rail, the other striking the end of said car and derailing it, whereby plaintiff was injured.

The evidence was, in the main, the same as on the former trial. The jury returned a verdict for plaintiff in the sum of $1,500, the same amount of the former verdict. The defendant has again appealed.

Defendant's argument on the first appeal was that the evidence did not show that the bar slid from the platform of the car, but that it must have been kicked or shoved off by the feet of some of the men who were upon and operating the car at the time. We undertook to show that it was probable that it did slide from the car and we expressed the opinion that there was no evidence that it was shoved off by the feet of the workmen. On the last trial, plaintiff, on cross-examination of defendant's foreman, asked him what, in his judgment, caused the bar to leave the car. The defendant objected to the question on the ground that it was not a question for ex-

pert testimony. The objection was overruled. The witness answered, "I think some one struck it. Q. Kicked it off? A. Yes, sir. Q. That's the only way in your judgment for it to have got off? A. Sure." This was a most flagrant violation of the rule that prohibits a witness to usurp the province of the jury. The witness was permitted to state in his opinion, as a fact, that upon which plaintiff relied for recovery in the fourth count of the petition. It was more than a mere technical error; it was a substantial one and for aught we know may have controlled the verdict of the jury.

The defendant further contends that plaintiff was not entitled to recover on said fourth count on the ground that the defendant was not liable for the tortious act of one of its workmen. We infer from the language used that it was not the intention of the pleader to allege that the bar was kicked or shoved off the car intentionally, but that it was the result of carelessness on the part of the workmen. And we are not to be understood that we concede that a master is not liable for the tortious act of his servant as a general proposition—on the contrary, he may be if the act is committed in the course of the servant's employment. [Walker v. Railroad, 121 Mo. 579; McKeon v. Railway, 42 Mo. 79.]

And defendant's other objection, that plaintiff was not entitled to recover on the allegations of the petition because of its failure to state that the act was done while the servant was in the performance of his duty, is not well taken, as the petition does show that he was in the performance of his duty, viz.; operating the handcar.

The defendant introduced Dr. Burch as a witness, who testified that he attended plaintiff as physician and surgeon. He was asked by plaintiff's counsel this question, "All you learned you learned in your capacity as a doctor?" To which the witness answered, "Yes." The court held that he was incompetent to testify under section 4659, Revised Statutes 1899. The court, however,

announced to defendant's counsel that he could examine the doctor as to anything he knew disconnected with the relation of physician and patient. The action of the court in the premises is alleged as error. We think not, and the matter is so clear that we deem it not necessary to be discussed. And the evidence of Dr. Foster was excluded for the same reason.

It is also insisted that the court erred in admitting evidence of the condition of the handcar and of repairs made on it before and after the accident. Such evidence is held to be error. [Hipsley v. Railway Co., 88 Mo. 348; Mahaney v. Railroad, 108 Mo. 191.]

The plaintiff introduced evidence of what McCoy told witness of a conversation he had with the road-master of defendant in reference to the condition of the handcar. This was the merest hearsay and inadmissible. But it was not error to admit the testimony of witness as to a conversation he heard between the foreman McCoy and the roadmaster as to the condition of the car because it went to show notice to defendant of its defects prior to the injury.

A witness, by the name of Ipson, was introduced by the defendant. The plaintiff's counsel, on cross-examination, examined him at great length with the evident purpose of weakening his testimony, and much of the examination had no direct bearing on the case. The witness was asked a question, but before he had completed his answer plaintiff's counsel interrupted him with another question, whereupon defendant's counsel objected and asked that witness be allowed to answer the question, at which time the court said, "The witness has shown that he needs a careful cross-examination." The defendant excepted to the remarks of the court. The court replied, "You can except all you want to, I am not caring for your appeals." The defendant, in view of the cross-examination and the remarks of the court, tendered evidence to show the reputation of the witness for truth and veracity, which tender the court refused. This was

error. The remarks of the court had a tendency to discredit the witness and defendant ought to have been permitted to show that his reputation for truth was good. The language used by the court would justify us in reversing the case on that ground alone. Such language is calculated to influence a jury and a judge should abstain from its use. [McGinnis v. Railroad, 21 Mo. App. l. c. 413; State v. Turner, 125 Mo. App. 21; Dreyfus v. Railroad, 124 Mo. App. 585; Schmidt v. Railroad, 149 Mo. 269.]

The defendant makes objections to the number of plaintiff's instructions, which we think are without merit.

Lastly, it is contended that plaintiff, under the evidence, was not entitled to recover, but, as there was evidence tending to support plaintiff's cause of action, we rule otherwise. And we so held in the former opinion.

For the reasons mentioned, the cause is reversed and remanded. All concur.