BERT LANDERS, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, May 15, 1911.**

1. **MASTER AND SERVANT: Negligence: Defective Handcar.** Where it is shown that the handcar had been practically in the same condition for a long time before and after the injury, it is not error to admit evidence of the condition of the car and of repairs made on it before and after the accident.

2. ——: ——: **Evidence.** There was no error in admitting the testimony of section men as to the proper manner in which to load a handcar and carry bars and other tools. Their experience and observation qualified them on that point.

3. ——: ——: **Expert Testimony.** Whether or not iron bars and tools laid on the surface of the platform of a handcar and unsecured would likely remain in place while the car was moving, is not a question calling for expert testimony.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) Errors in admission of evidence which caused a reversal on the last appeal, were again committed by the admission of the same evidence. The court erred in admitting evidence as to the condition of the hand car long before and long after the accident and as to repairs made upon it before and after the accident. This evidence did not prove the condition of the car at the time of the accident and was clearly erroneous and prejudicial. The court held that the admission of the same identical evidence of the former trial was error and this was one of the reasons for the reversal on the last appeal. Plaintiff persisted over defendant's objections, in introducing this evidence and has no right to complain if the judgment is reversed again. Landers v. Railroad, 134 Mo. App. 80; Hipsley v. Railroad, 88 Mo. 348; Mahaney v. Railroad, 108 Mo. 191; Ely v. Railroad, 77 Mo. 34; Alcorn v. Railroad, 108 Mo. 90; Brennan v. St. Louis, 92 Mo. 482; Stalzer v. Packing Co., 84 Mo. App. 574; Colyer v. Railroad, 93 Mo. App. 147; Smart v. Kansas City, 91 Mo. App. 586. (2) Opinions and conclusions of witnesses on non-expert questions were improperly admitted. The conclusion of a witness that some one was at fault was admitted as evidence and the province of the jury thereby usurped. Landers v. Railroad, 134 Mo. App. 80. (3) Plaintiff's counsel again as on the former trial disclosed that plaintiff has a wife and children thereby prejudicing the jury. The action of plaintiff's counsel in asking him upon his redirect examination if his wife and children went with him to gather gooseberries was the grossest character of prejudicial error and was plainly intended and surely calculated to arouse sympathy for the plaintiff and although defendant objected to the question the court refused or failed to rule upon it, but the defendant saved its exceptions at the time. Benning v. Medart, 56 Mo. App. 443, 449; Stephens v. Railroad, 96 Mo. 207; Dayharsh v. Railroad,

103 Mo. 570; Mahoney v. Railroad, 108 Mo. 191. Such error as this is presumed to be prejudicial and if plaintiff's counsel deliberately persist in committing such errors the responsibility is upon them if the judgment is reversed. The verdict on this trial was greatly increased and it devolves upon plaintiff to prove that the error was not prejudicial. Dayharsh v. Railroad, 103 Mo. 570; Walter v. Hoeffner, 51 Mo. App. 46; Morton v. Heidorn, 135 Mo. 608. (4) Opinion of non-expert witnesses as to plaintiff's physical condition were admitted as evidence. Plaintiff is not entitled to recover and defendant's instructions in the nature of demurrers should have been given. Creason v. Railroad, 133 S. W. 57; Holloran v. Pullman Co., 148 Mo. App. 243. The verdict is based upon conjecture presumption and uncertainty and therefore ought not to stand. Smart v. Kansas City, 91 Mo. App. 586; Demaet v. Storage Co., 121 Mo. App. 92; Hamilton v. Railroad, 123 Mo. App. 619, and cases cited; Byerly v. Light, Power & Ice Co., 130 Mo. App. 593; Fowler v. Elevator Co., 143 Mo. App. 422; Railroad v. Fulghan, 181 Fed. (C. C. A.) 91.

*E. M. Harber* and *A. G. Knight* for respondent.

BROADDUS, P. J.—This case is here for the third time. There have been three verdicts and one mistrial.

The allegation of the second amended petition on which the cause was tried alleges among other matters that on the 23d day of April, 1904, and for a short time prior thereto, plaintiff with others was in the employ of defendant as a section hand, engaged in the operation of its railroad; the duties of the plaintiff and others employed with him being to assist in the building and repairing of the track and roadbed along its said line of railroad; that in the discharge of their said duties plaintiff, and those engaged with him, was required to propel and ride from place to place on the track of defendant. That plaintiff in his said employment, as well as said other employees, was under the control and direction of

defendant's section foreman or boss, it being the duty of said foreman or boss, among others, to direct plaintiff and said other laborers so employed about their said work and in the management of said hand car, and the loaning and carrying of tools thereon, and look after and give attention to said tools and other things when loaded upon said car, and prevent same from escaping therefrom or otherwise injuring plaintiff and those employed with him. Which said tools were required to be carried from place to place over said track upon said hand car, and which said tools were to be and were used by plaintiff and other employees in the discharge of their duties and labors aforesaid. That it was the duty of the co-employees of the plaintiff and each of them to discharge their said duties in a reasonably careful and prudent manner, and in such way and manner as not to unnecessarily or negligently cause injury to themselves or to plaintiff; that it was the duty of defendant to furnish plaintiff and the others, a reasonably safe hand car, tools, track and appliances with which to discharge and perform their said duties.

And plaintiff says that the duties so owing to him and his co-employees by said railroad company and its said foreman and boss, as well as the duties of plaintiff's co-employees towards plaintiff aforesaid, were wholly and knowingly disregarded in such careless, reckless and negligent manner, that plaintiff while so in the discharge of his duties aforesaid was injured.

The issue was tried upon the following charges of negligence, viz.: First: That plaintiff was furnished an old dilapidated hand car, which was out of repair and unsafe, and that on account of its condition it became derailed, whereby the plaintiff was injured.

Second: That a certain iron bar carried upon the car was so negligently placed thereon and unsecured, and that by reason of the way it was loaded and carried, and by reason of the failure of the foreman to perform his duties to the plaintiff to prevent the escape of

said bar from the hand car, it jostled and fell from the car, one end of which caught a tie or rail and the other striking the car, thus derailing it, and injuring the plaintiff.

The plaintiff introduced evidence tending to sustain the said issues and defendant introduced evidence tending to disprove the same. With his other evidence plaintiff introduced witnesses who had been employed on the defendant's railroad and on other roads as section hands, and proved by them that in their opinion it was not reasonably safe to carry lining bars like the one in question loose on the platform of the car, as the bars were being carried at the time of plaintiff's injury. Their testimony was objected to because they were not shown to be experts. Plaintiff also introduced a witness over the objections of defendant who had not used the car, and stated that in his opinion the condition of the car would cause the bars to be shaken backward and forward. The witness stated that a reasonably safe way to carry such bars was to secure them to their places, behind and before the wheels of the car; that he did not consider it safe to carry them on the platform because the jolt of the car shook them and caused them to slide from it. The witness had about one year's experience in the business. He was asked: "What effect would it have on the car being out of repair with boxing gone from one wheel and loose at the other? A. That would have a tendency to jolt it. Q. What would prevent them from going off? A. Nothing, unless you pushed them back."

On cross-examination plaintiff stated that he was able a short time after the accident to go out and gather wild gooseberries. He was asked by his counsel: "Did your wife and children go with you?" Defendant's counsel objected to the question. There was no ruling by the court. Then he was asked: "Who went with you?" Defendant objected to the question which the court sustained.

Plaintiff was permitted over defendant's objections to show by different witnesses the condition of the car for a time before and after the accident. One witness who was familiar with the condition of the car in the month of March preceding plaintiff's injury on the 23d day of April, described its condition as follows: "The wheels was loose, had too much play backward and forward, and side play, the boxing was loose and worn; some of the taps were gone." He stated that the side play would cause the wheels to climb the rail.

A witness by the name of Clevinger testified, over the defendant's objections, that he knew the car well both before and after the 23d day of April; that the defendant had bought it about three years before and that it was an old car at that time. He said: "Ain't much difference in the condition now and then any more than the car was an old car and hadn't been repaired to no great extent; that the boxing was loose, but still they wasn't as bad hardly then as they are now, . . . It wabbled always on the track." He was asked if it would ride the rail. A. "It always would. Always the right front wheel would climb the track if you run it with any speed." He was permitted to state that repairs were made on the car before the time of the injury. He stated further that he saw lining bars and other tools move on the car while it was in motion.

Another witness testified without objection that the car was in bad condition before the injury; that he worked on this car both before and after the injury and that it was in bad condition all the time. Defendant objected to proof of its condition after the injury. Other testimony of a similar character was introduced by plaintiff over defendant's objections. For a more particular history of the case reference is made to 114 Mo. App. 655 and 134 Mo. App. 80.

The jury returned a verdict for plaintiff in the sum of $2500. From the judgment defendant appealed.

It was said in the former opinion that the court erred in admitting evidence of the condition of the car and of repairs made on it before and after the accident. The opinion cited Hipsley v. Railway Co., 88 Mo. 348; Mahaney v. Railroad Co., 108 Mo. 191. As an abstract proposition of law and as applied to the facts on the former trial the plaintiff admits its correctness, but asserts that it is not applicable to the facts shown by the record. His position is, "that when the condition of the machinery, appliances or place is shown to remain in substantially the same condition either before or after, that then the same is admissible for what it is worth." For this statement there is much authority. [Swadley v. Railroad, 118 Mo. 268; State v. Buchler, 103 Mo. 203; Gutridge v. Railroad, 105 Mo. 520.] By one text writer the law is stated thus: "Where it is shown that there has been no change in the conditions meanwhile evidence as to the condition before or after the happening of the accident is admissible to show the condition at the time." [6 Thompson on Negligence, sec., 7870.] And so it is held in Weldon v. Railway Co., 93 Mo. App. l. c. 676; Richardson v. City of Marceline, 73 Mo. App. l. c. 364.

There was much evidence that the hand car had been practically in the same condition for a long time before and after the injury. Sometimes it was better, at other times, worse, but bad at all times. Such being the case, we do not find there was any error in the admission of said testimony.

And we do not believe there was any error in admitting the testimony of the section men as to the proper manner in which to load a hand car and carry bars and other tools. It seems to us that by reason of their experience and observation they were better qualified to speak as to that matter than other persons who were unfamiliar with the business. It is said that experience teaches wisdom.

But whether or not iron bars and tools laid on the surface of the platform of a hand car and unsecured would likely remain in place while the car was moving was not a question calling for expert testimony. It is within the common observation that under such circumstances such articles would be jarred out of place while the car was moving over the rails of the road on a surface more or less undulating, and that they would not only jostle sideways, but would slide longitudinally on ascending or descending grades. But the admission of the evidence could have worked no prejudice to the appellant as the witnesses were only detailing knowledge which every juror possesses.

It is urged that the cause should be reversed because plaintiff's counsel was permitted to ask him whether his wife and children went with him when he went gooseberry hunting. Although he was not permitted to answer the question, the very question itself assumed that he did have a wife and children. Being an improper question it ought not to have been asked and causes of this kind have been reversed where it was shown to the jury that plaintiff had a wife and children. While we are bound to recognize the rule that excludes such evidence, yet the writer of this opinion has never had much respect for its soundness, but on the contrary he believes such evidence ought to be admissible on the ground that a man who has been so seriously injured as to interfere with his capacity to earn a living for his wife and children suffers as a consequence additional anguish of mind.

Appellant has again interposed the objection that the plaintiff failed to make out a case for the jury. In our former opinion we discussed that question and held that plaintiff had made out a prima facie case, and as the evidence is as strong in plaintiff's favor or somewhat stronger than it was formerly on which we predicated our opinion and as we can see nothing to change the view we then entertained we adhere to what was there said.

The instructions given are free from objections and those refused should not have been given. And we shall not reverse the cause because the plaintiff was asked said question whether his wife and children went with him in his quest for gooseberries for the reason that it was not made to appear that the verdict of the jury was enhanced thereby. And furthermore all mere technical errors should be disregarded especially in a case where there has already been three verdicts for plaintiff. Appellant has raised numerous other questions which we deem unimportant. We feel that no error has been committed during the trial that could have had any weight in determining the result, and in order that there should be an end to this litigation, we think the judgment, in the interest of justice and without prolonged delay should be affirmed, and it is so ordered. All concur.