ROSIE DUBOWSKY, Respondent, v. HANNAH BINGGELI, Administratrix et al., Appellant.

Kansas City Court of Appeals, November 23, 1914.

EQUITY: Loans: Mortgage: Release: Statute of Frauds: Limitations. Two sisters separately, but at the same time, each loaned $500 to their brother, notes to be given and one mortgage to secure them. The brother executed only one note and mortgage for $1000 in the name of the husband of one of the sisters and left them at his house where they were put away. Neither he nor the sisters knew that only one note was executed. Afterwards the brother paid the sum due the wife to the husband and the latter released the mortgage without authority from the sister. When she learned of this she brought a bill in equity· to set aside the release and to foreclose the mortgage for the balance due her. It was *held* that she had a cause of action which was not barred by the Statute of Frauds or Limitations.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Wm. M. Fitch* for appellant.

(1) The plaintiff was not a party to the trust deed and note in suit; the evidence fails to show that they were made for her use and benefit; she therefore had no right to maintain a suit thereon in her name. Howsmon v. Trenton Water Co., 119 Mo. 304; Ellis v. Harrison, 104 Mo. 270; 3 Page, Contracts, sec. 1312; City of St. Louis v. Von Phul, 133 Mo. 561, 565. (2) Stephen Ushler was the sole beneficiary in the trust deed in suit; was a party to the contract in suit; the other party to the contract is dead; Ushler is not a competent witness, and his testimony should have been excluded. Sec. 6354, R. S. 1909; Lieber v. Lieber, 239 Mo. 11; Bishop v. Brittain Inv. Co., 229 Mo. 699; Oliver v. Johnson, 238 Mo. 359, 377. (3) Plaintiff failed to prove deceased executed the note sought to be enforced in this case, and therefore not entitled to recover. Sec. 1986, R. S. 1909; Bates v. Scheik, 47 Mo. App. 642; Julian v. Rogers, 87 Mo. 229.

*Peter J. Carolus* and *John E. Dolman* for respondent.

(1) If a defendant pleads to the merits, he waives everything in the petition but two points; first, that the petition does not state facts sufficient to constitute a cause of action; second, that the court has no jurisdiction over the subject-matter of the action. Sauter v. Leveridge, 103 Mo. 615; Shuler v. Railroad, 87 Mo. App. 618; Hudson v. Cahoon, 193 Mo. 547; Bannock v. Railroad, 200 Mo. 561; Hendricks v. Calloway, 211 Mo. 536; Forrister v. Sullivan, 231 Mo. 345; Blanchard v. Dorman, 236 Mo. 416. (2) The party in whose name the contract is made for the benefit of another, or the undisclosed beneficiary either, may sue in his own name. Rogers et al. v. Gosnell, 51 Mo. 466; Snider v. Express Company, 77 Mo. 523; Howsmon v. Trenton Water Co., 119 Mo. 304; Ellis v. Harrison, 104 Mo. 270; City of St. Louis v. Von Phul, 133 Mo. 561.

ELLISON, P. J.—This case was appealed to the Supreme Court and transferred from there here.

The evidence shows that at the time of the inception of this controversy plaintiff resided in Ray county, Missouri, and her sister Mrs. Stephen Ushler resided in St. Joseph in the same State. They had a brother named Chris Binggeli who wished to purchase a farm in DeKalb county and needed $1000 in money. Each of them loaned him $500 and he was to execute a note to each for that sum, secured by a deed of trust on the land purchased. It seems that the notary in preparing the papers wrote one note and deed of trust, for the whole sum in the name of Stephen, though the latter did not notice this until near three months afterwards. Chris Binggeli died leaving the defendant his widow and administratrix.

Before Chris died he paid to each of his sisters $100 on the principal and all accrued interest, thus leaving a balance of $400 due to each. Afterwards he desired to sell and conceiving the notion that he could make a better sale without an incumbrance on the land, he paid Stephen for his wife the balance of the money due her, but did not pay plaintiff any part of the balance due her. On the contrary he persuaded Stephen to release the deed of trust in full, promising to "take care of his sister;" saying, "I would not cheat her out of a cent." Plaintiff did not know this was being done; she did not authorize it, nor did she ever ratify the act. She learned of it some time afterwards and her brother Chris finally died, we may concede, without any intent to "cheat his sister," but without paying her. She brought the present action to cancel the release and to foreclose the deed of trust. She prevailed in the trial court.

We do not doubt that the judgment should be affirmed. The defense is largely technical and this is perhaps excusable, for it is made in behalf of minor

heirs of the deceased who were made parties to the action.

First the objections to the petition, as evidenced by the motions, were waived by answering. [Paddock v. Somes, 102 Mo. 235; Santer v. Leveridge, 103 Mo. 615; Blanchard v. Dorman, 236 Mo. 443; Shuler v. Ry. Co., 87 Mo. App. 618.]

The petition and the evidence show plaintiff to be the party in interest and, for that reason, she is undoubtedly qualified to maintain the action. It is of no consequence what term may be applied in description of plaintiff or Ushler, it is evident she has a cause of action on the facts.

Stephen Ushler was a witness and it is insisted that as the contract was in his name and the other party is dead, he was incompetent. We think the objections not sound, for the reason that the testimony given by him concerning this plaintiff's loan was not a matter in which he, or his wife, had any concern. This plaintiff's loan was not made by Ushler as her agent. He had nothing to do with her interest in the transaction and as to the loan being included in the note to his wife, he knew nothing about that for several months afterwards.

Defendant, Hannah Binggeli's deposition was taken by the plaintiff and defendant offered it in evidence, when on objection it was excluded. It was objected to on the ground that the witness was within the jurisdiction of the court. We think it was properly excluded, but even if it were not, it contains nothing which should have affected the judgment of the trial court.

It is difficult to see upon what ground the Statute of Frauds is interposed by defendant. If it be true that the plaintiff loaned the sum in controversy to her brother at the same time that her sister loaned him an equal sum, and that he was to secure it by deed of trust and note, but instead of executing the note

to her separately, he joined the two amounts and executed one note for the aggregate, securing the one note in the deed of trust instead of two, she is entitled to relief; and that is no provision in the Statute of Frauds to avoid it.

Finally the Statute of Limitations is set up by defendant in bar of relief. The note and deed of trust are dated the 20th of February, 1897, due in five years. This would start the ten year Statute of Limitation in February, 1902, the limitation period not expiring until February, 1912, and the action was brought in August, 1908. Besides plaintiff was a married woman when the note was given and continued under that disability until after the trial. [Throckmorton v. Pence, 121 Mo. 50; Lindell Est. Co. v. Lindell, 142 Mo. 61.]

Other objections are not considered of sufficient importance to alter the conclusion that the judgment of the trial court was manifestly for the right party and it is consequently affirmed. All concur.